Memorandum. The order of the Appellate Division granting summary judgment dismissing the complaint should be affirmed, with costs.
Plaintiff fell when climbing on what is described as a "display shelf’ to reach an electrical fixture in the ceiling. No *1042 admissible proof is tendered that the use of the display shelf for climbing was "reasonably to be perceived” (Basso v Miller, 40 NY2d 233, 241). There is no suggestion that anyone had previously climbed on the shelf. If we were to assume that Christine Noto, defendant’s employee, had authority to request plaintiff to repair the loose light fixture, the only proof is that she furnished a stepladder so that plaintiff could climb onto a display counter. Once there, he found his reach was a few inches short of the fixture. He then mounted a cash register which was on the counter but he still could not reach the fixture. It was only then that he put his foot on the display shelf adjacent to the counter. There is no proof whatever that this last movement was contemplated or in any way foreseeable. Additionally, at plaintiff’s request Christine Noto had gone for a screwdriver and was not even present when plaintiff moved to the display shelf.
In these circumstances there is no proof on which to predicate a claim of negligence.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum.